**Joe Anna HEDGECORTH, Respondent,**

v.

**Larry Wayne HEDGECORTH, Appellant.**

**No. 48985.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 27, 1985.

Thomas L. Ray, Jr., Stevenson & Ray, Farmington, for appellant.

David L. Colson, Colson & Wagner, Farmington, for respondent.

CARL R. GAERTNER, Judge.

Larry Hedgecorth (husband) appeals from an order modifying a dissolution decree by dividing the value of husband's pension plan which was not considered at the time of dissolution. We reverse and remand solely for the purpose of recomputation of the value thereof.

The marriage of the parties was dissolved on October 8, 1980. A separation agreement, including an agreed division of marital property, was entered into by the parties, approved by the court and incorporated in the decree. While the agreement fails to mention husband's pension plan, he did contribute throughout the twelve years of the marriage to the Missouri State Teacher's Retirement System. During the years after the decree of dissolution, various motions were filed by the parties, all of which were resolved by agreement, with the exception of wife's motion to compel division of husband's pension fund. A hearing on this motion was held and husband testified that he understood he was to retain sole interest in the pension plan and for that reason agreed to wife's receiving a disproportionate amount of other marital property. Wife testified the pension plan was not discussed at the time of the dissolution. The trial court resolved this disputed issue in favor of wife.

Pursuant to the familiar standards of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and the deference we must give to the trial court's assessment of credibility, *McDowell v. McDowell*, 670 S.W.2d 518, 523 (Mo.App.1984), we affirm the conclusion of the trial court that the pension plan was a marital asset, unconsidered and undivided at the time of the dissolution, and that the court retained jurisdiction to divide the value of the pension plan between the parties.

Husband contends the court erred in awarding any part of the pension plan to wife, arguing that the division of property in the dissolution decree was unjust and that the court failed to consider the relevant factors set forth in § 452.330 RSMo 1978. The court order specifically recites that consideration was given to these factors and the detailed findings of fact and conclusions of law reflect such consideration. Husband is in no position to complain for the first time about provisions of the separation agreement he entered into four years earlier. Division of marital property is primarily a matter for the discretion of the trial court and its determination will not be disturbed absent an abuse of that discretion. *McClement v. McClement*, 681 S.W.2d 500, 503 (Mo.App.1984). We find no abuse of discretion in the equal

**864**

division of the value of the pension plan under the facts of this case.

■ We do find merit in husband's contention that the court erred in determining the value of the pension. Husband testified that he had calculated the value as of the date of dissolution to be $9,506. He arrived at that figure by subtracting from a reported value of his pension fund on June 30, 1981, the amount he had paid each month after October 8, 1980. He was unable to state with certainty what the amount of each monthly payment was, nor did his calculations include the interest earned during that period. On July 31, 1982 he withdrew the total amount of his pension fund, $12,757.68. It was this amount which the trial court divided equally between husband and wife. In this the court erred as wife is entitled to no share of the contributions to the fund made by the husband subsequent to the dissolution of the marriage.[1]

We do not find in the record before us nor do we believe the trial court was possessed of sufficient facts to determine the value of the pension plan on October 8, 1980. The only evidence relating to this issue was husband's statement about the result of his calculations. However, he was unable to specify with any degree of certainty the factors used in making this calculation, thus depriving his conclusion of any probative value. It should be a simple matter to ascertain with certainty the value of the pension plan as of October 8, 1980. Wife is entitled to one-half of such sum plus the interest earned on her share from October 8, 1980 to July 31, 1982, the date the pension plan was terminated.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

PUDLOWSKI, P.J., and KAROHL, J., concur.

1. Section 452.330.3 RSMo (1978) (Sup.1984), was amended by the legislature in 1981. The amendment established the commencement of an action for dissolution as the cut-off date for common ownership of property acquired during the marriage. The amendment was not in effect on the date of the dissolution in this case and therefore all property acquired by the parties prior to October 8, 1980 is presumed to be marital property.