John E. ROAM,
Petitioner-Appellant-Respondent,

v.

Bertha M. ROAM,
Respondent-Respondent-Appellant.

Nos. 14083, 14103.

Missouri Court of Appeals,
Southern District,
Division One.

March 27, 1986.

Motion for Rehearing or to Transfer
Denied April 15, 1986.

Application to Transfer Denied
May 13, 1986.

Lori J. Levine, Carson, Monaco, Coil, Riley & McMillin, P.C., Jefferson City, William C. Morgan, Waynesville, for petitioner-appellant-respondent.

Kerry D. Douglas, Bolivar, for respondent-respondent-appellant.

PER CURIAM.

In this dissolution proceeding both the husband and wife appeal from those portions of the decree which divided the marital property and awarded maintenance. The net value of the marital property distributed to the husband was $159,332.87. The net value of the marital property distributed to the wife was $149,688.00. The decree, entered November 20, 1984, ordered the husband to pay the wife $100 per month beginning December 1, 1984, as maintenance.

The husband is a school superintendent and the wife is a librarian employed by the same school district. At time of trial each was in the late 50s, was still working, was in reasonably good health and had no specific plans to retire. Each had vested but unmatured pension rights under the Public School Retirement System.

On her appeal the wife complains that the maintenance allowance is too low and that, with respect to division of the marital property, the court undervalued the parties' respective pension rights. On his appeal the husband claims that no maintenance should have been awarded and, in any event, the award of maintenance was too high.

There was substantial evidence to support the values which the trial court assigned to the pension rights. The division of the marital property and the award of maintenance were within the trial court's discretion in light of the statutory guidelines. Under the standards of appellate review enunciated in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976), this court determines that the judgment is supported by substantial evidence, is not against the weight of the evidence and that no error of law appears. This court also determines that an opinion would have no precedential value. Rule 84.16(b). The judgment is affirmed.

All concur.