**Carol Jean KIENINGER, Respondent,**

v.

**Richard Ralston CATLETT, Appellant.**

**No. WD 46693.**

Missouri Court of Appeals,
Western District.

June 1, 1993.

Gary M. Oxenhandler, Columbia, for appellant.

Jean Strandberg Goldstein, Columbia, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Richard Ralston Catlett appeals the trial court's decree dissolving his marriage to Carol Jean Kieninger. Catlett contends the trial court erred in determining that Kien-

inger's benefits from the Public School Retirement System of Missouri were her separate property and not marital property. We affirm.

Catlett and Kieninger married on July 5, 1972. After 19 years of marriage, Kieninger filed for divorce on July 29, 1991. They have two children, Richard Wilson, born on May 9, 1977, and Natalia Loretta, born on December 6, 1979.

Kieninger was a school teacher and participated in the Public School Retirement System of Missouri. She has accumulated benefits of over $45,000. The trial court found the benefits to be Kieninger's separate property.

Catlett's only contention on appeal[1] is that the trial court erred in not characterizing Kieninger's interest in the retirement system as marital property. Section 169.-572, RSMo Cum.Supp.1992, provides:

1. No court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 USC Section 200 et seq., in any proceeding for dissolution of marriage.

2. Subsequent to August 28, 1991, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide any federal old-age, survivors or disability insurance benefit of the parties provided pursuant to the federal Social Security Act.

Section 169.572 repealed § 169.142, RSMo Supp.1989. That statute provided:

Notwithstanding any other provision of law to the contrary, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court

---

**1.** Catlett raised a maintenance issue in his brief, but he withdrew it on April 7, 1993.

may divide the marital property of the parties.

Catlett contends that § 169.572 provides only that the benefits are not divisible and not that they should not be considered by a court when making an equitable division of the marital assets. He asserts, therefore, that we should follow the common law rule that pension benefits accumulated during a marriage are marital property. *See Roam v. Roam,* 708 S.W.2d 343 (Mo.App.1986); *Hedgecorth v. Hedgecorth,* 696 S.W.2d 862, 863 (Mo.App.1985). We disagree.

This court's Eastern District recently decided this issue in *Gismegian v. Gismegian,* 849 S.W.2d 201 (Mo.App.1993). In *Gismegian,* the court found, on the basis of § 169.572 and § 169.142's repeal, public school teachers' pension benefits are not marital property. We agree. Hence, we conclude that the trial court did not err in characterizing Kieninger's pension benefits as her separate property. The judgment is affirmed.

All concur.