**In re the MARRIAGE OF Sandra Lynn BEELER and Ernest Wayne Beeler.**

**Sandra Lynn Beeler, Petitioner–Respondent,**

v.

**Ernest Wayne Beeler, Respondent–Appellant.**

**No. 23405.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 13, 2000.

Douglas W. Greene, III, The Greene Law Firm, Springfield, for Respondent-Appellant.

Joanna V. Billingsley, Ozark, for Petitioner-Respondent.

Before PARRISH, P.J., SHRUM and MONTGOMERY, JJ.

PER CURIAM.

Ernest Wayne Beeler (Husband) appeals a judgment in the action of Sandra Lynn Beeler (Wife) for dissolution of marriage.

By a judgment of November 1, 1999, the trial court dissolved the marriage of the parties and divided the marital and non-marital property between them. Neither party received maintenance, and both parties were ordered to pay their own respective attorney fees. The judgment further recited that Husband's "Teamster's retire-

ment with Central States Southeast and Southwest Areas Pension Fund shall be divided as follows: [Wife] to receive twenty-five percent of the benefits accumulated during the marriage...."[1] Husband received the balance of the pension plan.

■ Husband's first point alleges the trial court erred in awarding Wife a percentage of his pension plan because no evidence was presented on the value of the pension. Husband argues that a value must be placed on the pension plan in order to ensure that Wife does not receive the benefit of post-decree contributions to the plan to which Wife would not be entitled.

■ Review of this case is governed by Rule 84.13(d). In reviewing the judgment of a court-tried case, we view the evidence and permissible inferences drawn therefrom in a light most favorable to the judgment. The judgment will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

In this case, Wife testified that Husband had a retirement plan accumulated during the marriage through the Teamsters Union. However, Wife said she did not know the value of the pension plan.

Husband testified he was 49 years old at the time of trial. He insisted that his pension plan had no current value because he could not receive any pension payments until he was 65 years old. However, if he had five more years of service, Husband stated he could receive pension benefits at that time.

Husband's Exhibit C is a letter dated August 4, 1999, from Teamsters Local Union No. 245 which confirms that Husband is entitled to a vested pension of $1,142.32 per month beginning at age 65. The letter

1. The trial court did not determine the value of the pension "benefits accumulated during the marriage."

also explains that Husband "can draw this benefit prior to age 65, but it reduces by 6% per year for each year younger than age 65. At [Husband's] current age of 48 which is 17 years younger than age 65, [Husband's] vested benefit has zero (–0–) value." Based on this evidence, the trial court awarded Wife a percentage of Husband's pension plan but placed no value on it as of the judgment date.

In *Hedgecorth v. Hedgecorth*, 696 S.W.2d 862, 864 (Mo.App.1985), which Husband relies upon, the court held that a wife "is entitled to no share of the contributions to the [pension] fund made by the husband subsequent to the dissolution of the marriage." Because there was no evidence to show the value of the pension plan on the date of dissolution, the cause was remanded to the trial court to determine the value of the plan on that date and award wife her appropriate share. *Id.*

Husband also relies on *Schelsky v. Schelsky*, 796 S.W.2d 888 (Mo.App.1990), which is factually similar to the instant case. In *Schelsky*, husband, age 42, had a vested union pension plan which would not pay full benefits until he reached age 62. *Id.* at 890. Early retirement would reduce husband's monthly benefits. *Id.* At the time of trial, husband had accrued a monthly benefit of $558.50 per month upon reaching age 62. *Id.* The trial court awarded wife 40 percent of this pension plan benefit. The appellate court relied on *Hedgecorth* in reversing the trial court's pension plan award. The court said there was no evidence in the record to determine the pension plan value as of date of dissolution and that wife was not entitled to any increases in the pension plan reflected by later contributions to it. *Id.* at 893. The case was remanded for further proceedings.

Here, the evidence is the same as the evidence in *Schelsky* regarding the pension plan value on date of dissolution. As said in *Hedgecorth*, "[i]t should be a simple matter to ascertain with certainty the val-

ue of the pension plan as of [the date of dissolution]." 696 S.W.2d at 864.

Valuing the pension plan as of the date of dissolution and awarding Wife an appropriate share correctly precludes Wife from participating in later contributions to the plan. Therefore, Point I is well taken, and the cause must be remanded for further proceedings. Upon remand, the trial court can hear further evidence, if necessary, on the value of Husband's pension plan as of November 1, 1999.

Husband's remaining points read as follows:

II. THE TRIAL COURT ERRED IN ISSUING ITS JUDGMENT AND DECREE IN THAT IT AWARDED TO RESPONDENT–APPELLANT AN ACCOUNT WHICH HAD NO VALUE.

III. THE TRIAL COURT ERRED IN FAILING TO PROPERLY VALUE A PORTION OF PETITIONER–RESPONDENT'S PENSION AS A MARITAL ASSET IN ITS DECREE.

These points violate the requirements of Rule 84.04(d)(1). That rule provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

■ Neither point complies with this rule in that each point (1) fails to "state

concisely the legal reasons for the [Husband's] claim of reversible error," and (2) fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C).

Husband's points strongly resemble mere abstract statements of law. Rule 84.04(d)(4)provides that "[a]bstract statements of law, standing alone, do not comply with this rule."

Allegations of error not properly briefed "shall not be considered in any civil appeal...." Rule 84.13(a).

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998). " 'Points on appeal that fail to comply with Rule 84.04(d) present nothing for review.' " *Williams v. Thomas*, 961 S.W.2d 869, 872 (Mo.App.1998) (quoting *In Interest of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App. 1994)). We are not obligated to review Points II and III under these circumstances, and we decline to do so.

We reverse that portion of the judgment awarding Wife a twenty-five percent interest in Husband's pension plan. In all other respects, the judgment is affirmed. The cause is remanded for further proceedings in conformity with this opinion.