**STATE of Missouri, Respondent,**

v.

**Robert BURROUGHS, Appellant.**

No. 48372.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Laurence G. Schmidt, Hillsboro, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Robert Burroughs guilty of both burglary and possession of a burglary tool. The trial court sentenced him as a persistent offender to consecutive ten and five year prison terms. Defendant offered no evidence.

Defendant first challenges the burglary sentence claiming he was not adequately identified as the burglar. In this we view evidence most favorably to the state. *State v. Stewart*, 636 S.W.2d 345[1] (Mo.App.1982). Every element of burglary may be shown circumstantially, *State v. Jerelds*, 637 S.W.2d 80[1–3] (Mo.App.1982), and it suffices to show the accused participated in the burglary. *State v. Means*, 628 S.W.2d 426[1–3] (Mo.App.1982). So considered the evidence showed: The burglary was at a truck repair yard. There, a locked building was inside a high chain link fence topped by three barbed wire strands. A remote silent burglar alarm sounded at 3:51 A.M. and police were at the scene within minutes. There they saw a man running away; their hurried description fit the defendant whom they arrested half a mile away fleeing on foot. There were signs inner doors had been forced open.

The state showed other circumstantial evidence: When arrested defendant wore neither coat nor shoes, and his pant legs were muddy; his shirt was torn by barbed wire which topped the fence over which he had escaped. A cigarette lighter was found nearby and when arrested defendant had cigarettes but no lighter. Car keys were found on the ground nearby, where a 1969 Plymouth had been abandoned; it was owned by Mary Burroughs whose address was the same as that given by defendant when posting bond.

We hold, consistent with the above cited cases, that the state's evidence sufficed to submit the burglary charge.

We now move to defendant's challenge to the verdict finding him guilty of possessing a burglary tool. He contends the evidence showed neither that he had possessed the tool nor that it was one commonly used for forcible entry. The state counters that a tire tool had been used to gain entry to the building, that it was an object often used for forcible entry, and that it was found along defendant's escape route.

Here defense counsel argues the brass metal residue found on the tire tool and on the pry marks on doors were not enough to show the tire tool was used to facilitate entry. The state's evidence was that it could have been so used. Defendant's reliance on *State v. Hansen*, 545 S.W.2d 713 (Mo.App.1977) is misplaced; there the evidence negated any attempt to burglarize the premises. Not so here.

The state first relies on the burglary case of *State v. Mick*, 506 S.W.2d 35[9] (Mo.App.1974) where the court held the defendant's possession of a tire iron was properly shown even with no showing it was used in the burglary. The court ruled that since the challenged evidence was relevant to the basic issue of burglary it was admissible. More so here where the chal-

lenged tire tool could have been used to facilitate the burglarious entry.

More pertinent here is *State v. Edmonds*, 462 S.W.2d 782[4] (Mo.Sup.1971). The court noted that Section 560.115 RSMo. on felonious possession of burglar tools covered any tool adapted or commonly used for breaking into a building. The court declared thereunder it is not necessary to prove "that the tools or implements were originally made or intended for an unlawful use. If they are suitable for that purpose, so that they can be used to break and enter burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses."

So, both offenses of burglary and possession of burglary tools were proven and we affirm both judgments.

REINHARD, P.J., and CRIST, JJ., concur.