Deborah Kay **BOSCHERT,**
Petitioner–Appellant,

v.

John Thomas **BOSCHERT,**
Respondent–Respondent.

No. 57300.

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Deborah J. Tomich, St. Charles, for petitioner-appellant.

Reginald P. Bodeux, Maryella Stribling, St. Charles, for respondent-respondent.

REINHARD, Judge.

Mother appeals from the trial court's order granting husband's motion to modify the parties' dissolution decree and denying her cross-motion to modify. We affirm.

■ The parties' marriage was dissolved on January 13, 1989. The trial court in its decree adopted the child custody provisions of the parties' separation agreement. Mother was awarded custody of the parties' daughter, born April 26, 1984; father was awarded custody of their son, born November 30, 1985. Each parent was to have custody of both children on alternate weekends, and provision was made for visitation by each parent during a two-week period in the summer and on certain holidays.

At the time of the decree, both parties lived in St. Charles County. Father was employed as a mechanic and mother was the postmaster in Mapaville, Missouri. The children attended day-care together, but when father took a leave of absence, he withdrew the son from day-care. On March 4, 1989, mother moved from her apartment in St. Charles County to Mapaville where she moved into the house of and began cohabiting with a male companion to whom she was not married.

In his motion to modify, father sought primary custody of daughter based primarily on mother's new living arrangements. Mother in her cross-motion sought primary custody of the parties' son based primarily on allegations of father's violent and erratic behavior.

At the hearing, mother testified that she sleeps with her companion, that she intends to maintain the relationship and that she does not intend to marry him. In testifying about the effect mother's new living arrangement has had on the daughter, father stated, "[She's] more quiet, she seems confused." When asked to elaborate, father responded, "Well, maybe in realizing my role as a father and what [mother's companion], what his role is in her life. She seems to go in her room, close the door and plays with her toys by herself alot and she never used to do that." Daughter has received and apparently will continue to receive counseling. Mother admitted that the daughter occasionally seems confused and that she had expressed a desire to live with both parents. In mother's opinion, it is in the children's best interest to be together.

The trial court modified the decree in husband's favor, awarding him primary custody of daughter, and denied mother's cross-motion. The court placed great emphasis on mother's living arrangements and on the conclusion that the children's best interest requires that they be together in the custody of one parent.

■ We review the trial court's order under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We affirm the judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* We exercise the power to set aside a judgment as against the weight of the evidence with caution and with a firm belief that the judgment is wrong. *Id.* Furthermore, "we presume that the trial court reviewed all the evidence and awarded custody in the manner it believed would be in the best interests of the children. This presumption is based upon the trial court's better position to judge not only the credibility of the witnesses and parties directly but also their sincerity, character, and other trial intangibles which might not be completely revealed by the record." *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo. App.1987).

On appeal, mother primarily contends that the trial court erred in modifying the original decree by awarding father primary custody of the parties' daughter. We note that the morality and lifestyle of the parties, as they bear on the child's welfare, are pertinent factors to be considered in a proceeding to determine whose custody would serve the best interests of the child. *Hartig*, 738 S.W.2d at 161. The fact that the custodial parent begins living out of wedlock with another can constitute a change of circumstances warranting a change of custody. *H. v. H.*, 637 S.W.2d 432, 434 (Mo.App.1982).

We have not attempted to detail the evidence in this case. However, it should be noted that aside from mother's change in living arrangements, there was evidence that the daughter expressed concern that mother's companion did not wear clothes to bed. Father's testimony regarding the daughter's confusion and behavioral changes was sufficient to show both a present adverse effect on the child as well as a reasonable likelihood of future damage. *See Ryan v. Ryan*, 652 S.W.2d 313 (Mo.App.1983).

Mother argues that father's "erratic and violent behavior" and the fact that he had threatened her should have prevented him from obtaining custody of the daughter. Father denied threatening mother. The parties' respective versions of the events leading to father's "violent behavior" varied greatly. The trial court was in a much better position than us to judge this evidence and its bearing on the determination of the child's best interests. Under our standard of review, we conclude the trial court did not err in awarding custody of the parties' daughter to father.

In her other point, mother contends the trial court erred in failing to award her primary custody of the parties' son. The record supports the trial court's conclusion concerning the children's need to be together in one parent's custody. A further discussion of this point would be duplicative and would serve no jurisprudential purpose.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.