Paul GISMEGIAN,
Petitioner/Respondent,

v.

Mary Arlene GISMEGIAN,
Respondent/Appellant.

No. 61163.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 17, 1993.

Application to Transfer Denied
April 20, 1993.

Joel David Brett, St. Charles, for appellant.

Ramona L. Marten, N. Scott Rosenblum, Clayton, Jeffrey A. Rosenblum, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Mary Arlene Gismegian (hereinafter "wife"), appeals from a Decree of Dissolution entered by the Circuit Court of the County of St. Charles dissolving her marriage to respondent, Paul Gismegian (hereinafter "husband"). Wife raises several points on appeal concerning the custody of a minor child, the division of marital property, and the court's determination regarding the award of attorneys' fees. We affirm in part and remand in part.

Husband and wife were married on May 2, 1970. Three children were born of the marriage: Paul Gismegian, Jr. (hereinafter "P.J."), born October 7, 1970; Cynthia Gismegian, born November 14, 1972, and Erica Gismegian, born February 26, 1980. At the time of trial, husband was employed at Westborough Country Club, earning approximately $94,000.00 annually, and wife earned close to $40,000.00 a year as a school teacher and assistant principal at Barnwell Junior High School. In addition to this full-time employment, husband was also a 51% owner of stock in TPW, Inc., d/b/a Ninth and Russell Restaurant in Soulard. Wife earned an additional income from her part-time employment at Lindenwood College.

The parties testified that during the latter part of the marriage communication broke down considerably, and after a physical confrontation in June of 1990, the two separated. By the time of trial, the marriage was irretrievably broken. The trial was held on September 9, and October 4, 1991. Findings of Fact and Conclusions of Law and a Decree of Dissolution were issued by the trial court. Husband was granted custody of Cynthia and the minor child, Erica. Wife was ordered to pay child support for Cynthia and Erica, both of whom were residing with husband. College expenses for the children were ordered to be divided between the parties, with husband responsible for 69% and wife responsible for 31%. Wife was awarded the marital home, with an estimated value of $80,000.00, bank accounts totalling $700.00, her Teacher's Retirement Fund in the amount of $46,269.33, and various other furniture and furnishings. Husband received the remainder of the marital property which included various checking, savings, and investment accounts.

Wife now appeals the order of the trial court, finding error with the custody award, the property division, and the failure to award attorneys' fees. The first issue raised by wife claims trial court error in awarding custody of Erica Gismegian to husband. Wife asserts such action was not in the best interests of the child, the court failed to consider the statutory factors in its decision making, and the court abused its discretion.

In court tried cases we will affirm the judgment rendered below unless it is unsupported by or against the weight of the evidence, or unless it erroneously declares or applies the law. *Boschert v. Boschert,* 793 S.W.2d 495, 497 (Mo.App., E.D.1990). Moreover, because of the trial court's unique position for determining the credibility, sincerity, character, and other intangibles of the witnesses, we presume awards of custody are made in the best interests of the children. *Id.* Therefore, we exercise our power to set aside such a judgment with caution and only upon a firm belief that the judgment is wrong. *Id.*

■ We find no basis to support a reversal of the custody order here. The court heard testimony from both parties, from each of the two older children, and from character witnesses on both sides. Additionally, the court had the benefit of testimony from a psychiatrist, Dr. Waite, testifying on behalf of husband, as well as the psychological report of Dr. Tindall, submitted on behalf of wife. After considering all the evidence, the court determined it was in Erica's best interests to be placed in the custody of husband. As we do not find this decision to be against the weight of the evidence, we affirm the decision of the trial court on this point.

■ Wife's second point on appeal claims the trial court erred in failing to include as marital property money utilized by husband from a joint bank account after the separation. Wife asserts this resulted in an inequitable property division. There was undisputed evidence at trial that prior to separation the parties had a joint bank account at Home Federal Savings in the amount of $83,551.83. During the period between the separation and trial, husband admittedly withdrew over $50,000.00 from this account. The funds were used to pay attorneys' fees and litigation costs related to the divorce proceeding, to cover the costs necessary for establishing his separate household, and the remainder was paid in to his corporation to aid the restaurant.

Wife acknowledges in her brief she is aware the accepted date in Missouri for valuing marital property is the date of trial. *Doyle v. Doyle,* 786 S.W.2d 620, 622 (Mo.App., S.D.1990). As such, we find no error on the part of the trial court in failing to consider the $50,000.00 plus in the property division. Point denied.

For her third point, wife argues that though the court indicated the marital property would be divided evenly, the court's adoption of the value assigned by husband to the marital property resulted in an inequitable and uneven distribution. We note that the trial court has great discretion in determining the division of marital property, and a just division is not necessarily an equal division. *Schelsky v.*

*Schelsky,* 796 S.W.2d 888, 891 (Mo.App., E.D.1990). Wife argues, however, that the court's statement in its conclusions of law "that the marital property shall be divided evenly ..." requires an equal division. A review of the property division ordered by the trial court shows that, based on the values adopted by the court, the division is nearly equal. The trial court determined the property awarded to wife had a value of $122,144.00, while that awarded to husband was valued slightly lower at $119,-262.68.

■ Wife claims the property values adopted by the court were incorrect and that the court merely gave a blanket adoption to the values presented by husband. Adoption of one party's proposed decree is not per se in error. *Ikonomou v. Ikonomou,* 776 S.W.2d 868, 873 (Mo.App., E.D. 1989). Moreover, where there is a conflict in the evidence presented as to the value of certain property, the trial court must be given deference to resolve the conflict. *Schelsky,* 796 S.W.2d at 893. There was evidence at trial to support the values utilized in the decree. As such, we defer to the trial court's findings. *See Brandt v. Brandt,* 794 S.W.2d 672, 675 (Mo.App., E.D.1990). Point denied.

■ Next, wife states the court's failure to award her attorney's fees was error. We note an award of attorney's fees is within the sound discretion of the court, *Mehra v. Mehra,* 819 S.W.2d 351, 357 (Mo. banc 1991), and will only be overturned on appeal when it is found the trial court has abused that discretion. *In Re Marriage of Zavadil,* 806 S.W.2d 506, 512 (Mo.App., E.D.1991).

RSMo § 452.355 (Supp.1988) governs the award of attorneys' fees in divorce actions. The statute requires a consideration of all relevant factors, including the financial resources of both parties. RSMo § 452.355. In its Conclusions of Law, the court here stated "that after duly considering all relevant factors, including the financial resources of both parties, that each party be responsible for their [sic] own attorney's fees and costs associated with this matter." The court utilized RSMo § 452.355, found

that the parties could afford their own costs and fees of litigation, and ruled as such. We find no abuse of discretion. Point denied.

■ Finally, wife asserts the trial court erred by including her teacher's retirement funds in the division of marital property. Wife relies on the recently enacted RSMO § 169.572 (1991) in support of this contention. The statute states:

**Dissolution of marriage, court not to divide retirement benefits or social security benefits**

1. No court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 U.S.C. Section 200 et seq., in any proceeding for dissolution of marriage.

2. Subsequent to August 28, 1991, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide any federal old-age, survivors or disability insurance benefit of the parties provided pursuant to the federal Social Security Act.[1]

Based on the wording of RSMo § 169.572, and the fact that RSMo § 169.142 allowing public school teachers' pension benefits to be divided as marital property has been repealed, we agree the trial court erred by including wife's retirement fund as marital property.

■ Husband argues, based on *Puckett v. Puckett*, 632 S.W.2d 83 (Mo.App., E.D. 1982), that the distribution of marital property should only be disturbed if the error involved had a material effect on said distribution. *Id.* at 85. It is apparent here that it did. As stated earlier, based on the valuation of marital property accepted by the court, wife received approximately $122,000.00 worth of property, which included the marital home and her public school retirement pension. Husband received approximately $119,000.00 in the property division, resulting in a difference of only $3,000.00. If wife's pension fund had not been labelled as marital property and the division stood as is, wife's portion of marital property would have a value of only $75,000.00 while the value of husband's property would remain at $119,000.00, a difference of $44,000.00.

As stated above, a just division is not necessarily equal. *Schelsky*, 796 S.W.2d at 891. However where, as here, the court indicated it believed an equal division was just, and then attempted to allocate equal portions of property to the parties, the erroneous inclusion of wife's $47,000.00 pension fund in that division constituted reversible error.

As such, we remand on this point and instruct the court to award wife her retirement pension as separate property and determine the proper distribution of all marital property. On all other points we affirm.

Affirmed in part and remanded in part.

SMITH and STEPHAN, JJ., concur.

---

1. Upon the enactment of this statute, RSMo § 169.142 (1989) was repealed. RSMo § 169.142 read:

**Dissolution of marriage, rights and benefits division as marital property**

Notwithstanding any other provision of law to the contrary, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide the marital property of the parties.