Robert D. MALLAMS, Respondent,

v.

Deanna Kay MALLAMS, Appellant.

No. WD 46981.

Missouri Court of Appeals,
Western District.

Sept. 28, 1993.

Patrick D. Beeman, Kansas City, for appellant.

Vincent F. Igoe, Jr., Withers, Brant, Igoe & Mullennix, P.C., Liberty, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

BRECKENRIDGE, Presiding Judge.

Deanna Kay Mallams (Wife) appeals from the trial court's decree dissolving her marriage to Robert Doyle Mallams (Husband). Wife raises two points on appeal arguing that the trial court erred in distributing the marital assets of the parties because: 1) the distribution was an abuse of the trial court's discretion in that it was heavily and unduly weighted in favor of Husband; and 2) the trial court erroneously applied § 169.572,

RSMo Cum.Supp.1992 [1], by designating the parties' respective Missouri Teachers' Retirement accounts as marital property. The judgment is reversed.

Husband and Wife were married on July 31, 1976 in Liberty, Missouri. The parties were separated on August 20, 1991 and the marriage was dissolved on September 9, 1992.

At the time of the dissolution, Wife had been employed by the Liberty Public School System as a teacher for fifteen years, and had contributed approximately $40,000 to the Missouri Teachers' Retirement Fund which was deducted from her salary in lieu of social security. Upon Wife's retirement, the school district will match the amount accrued in her retirement account if she is still employed with the Liberty Public School System.

During the marriage, Husband was employed as a teacher and then as an elementary principal in the Liberty Public School System. Husband made contributions to a Missouri Teachers' Retirement account during his employment with the Liberty Public School System. Prior to the dissolution trial, Husband resigned his position with the Liberty Public School System to begin working as an elementary principal for the Fort Leavenworth School District. Husband's employment with the Fort Leavenworth School District, however, made him ineligible for the matching funds from the Liberty Public School System upon retirement. Upon his resignation from the Liberty Public School System, Husband removed $20,000 from the account and rolled it over into an American Legacy account. At the time of the dissolution, Husband's American Legacy account was worth $27,600 and the balance remaining in his Missouri Teachers' Retirement account was approximately $12,000.

■ This court will begin by addressing Wife's Point II because it is dispositive of the appeal. Wife claims in Point II that the trial court erroneously declared or applied the law when it characterized the parties' respective Missouri Teachers' Retirement accounts as

marital property. Pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 36 (Mo. banc 1976), an appellate court must affirm the judgment in a court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence or the trial court erroneously declared or applied the law. *Law v. Law*, 833 S.W.2d 17, 18 (Mo.App. 1992).

■ The statutory provisions governing the retirement benefits for Missouri teachers are set forth in Chapter 169, RSMo. Specifically, § 169.572 states:

1. No court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 USC Section 200 et seq., in any proceeding for dissolution of marriage.

2. Subsequent to August 28, 1991, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide any federal old-age, survivors or disability insurance benefit of the parties provided pursuant to the federal Social Security Act.

In adopting § 169.572 in its present form, the legislature repealed § 169.142, RSMo Cum. Supp.1989. That section read:

Notwithstanding any other provision of law to the contrary, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide the marital property of the parties.

After the legislature's adoption of § 169.-572 and repeal of § 169.142, RSMo Cum. Supp.1989, this court's Eastern District held in *Gismegian v. Gismegian*, 849 S.W.2d 201, 204 (Mo.App.1993), that a public school teacher's retirement account is not marital

1. All statutory citations are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise stated.

property and, thus, is not subject to division by the trial court in a dissolution of marriage action. The facts of *Gismegian* are quite similar to those of the instant case, except that only one spouse had contributed to a teachers' retirement account in *Gismegian*. *Id.* The *Gismegian* court found that the erroneous inclusion of the wife's $47,000 teachers' retirement account in the division of marital property was reversible error, because its exclusion would materially impact the total value of the property received by the parties. *Id.* The Western District followed *Gismegian* in *Kieninger v. Catlett*, 854 S.W.2d 59, 60 (Mo.App.1993).

■ The provision of the decree addressing the teachers' retirement accounts does not specifically articulate whether the trial court found the accounts to be marital or non-marital property. When construing an ambiguous judgment, it is to be construed in the same manner as a written instrument. *McDougal v. McDougal*, 279 S.W.2d 731, 739 (Mo.App.1955). The court's intention is to be determined from considering the judgment as a whole. *Id.* It is apparent from the judgment, when viewed as a whole, that the trial court considered the retirement accounts to be marital property. In addition, Husband does not argue on appeal that the court determined the retirement accounts to be non-marital property. In view of *Gismegian* and *Kieninger*, the trial court's characterization of the parties' Missouri Teachers' Retirement accounts as marital property and the inclusion of such property in its division of assets was an erroneous application of the law.

On appeal, Husband argues that, even if the trial court did err in finding the teachers' retirement accounts to be marital property, such error does not require reversal. Husband argues that the holding of *Gismegian* improperly orders that the teacher's retirement account be "awarded" to the wife as her separate property. *Gismegian*, 849 S.W.2d at 204. He contends that this is contrary to the provisions of § 169.572 which require that Missouri Teachers' Retirement accounts be treated in the same manner as social security benefits. Husband is correct in his argument that social security benefits

fall outside the statutory definitions of "marital" and "non-marital" property and, thus, cannot be awarded as part of the division of property. *Hogan v. Hogan*, 796 S.W.2d 400, 407 (Mo.App.1990); *Rudden v. Rudden*, 765 S.W.2d 719, 720 (Mo.App.1989).

This court rejects Husband's argument and reaffirms its adoption of *Gismegian*. Husband is correct in arguing that the Eastern District's opinion directed the trial court on remand to "award" the teachers' retirement account to the wife. *Gismegian*, 849 S.W.2d at 204. Although a more precise adherence to the provisions of Chapter 169 might have resulted in a direction to the trial court to "acknowledge" the teachers' retirement account as the sole and separate property of the wife, Husband's criticism of *Gismegian* is irrelevant to the principle of the case. No matter what language is utilized, the intent of the order in specifically addressing the teachers' retirement accounts in the instant case was to recognize the separate status of the property.

■ While social security is an unassignable asset, it is an economic factor which must be considered by the trial court in its division of property. *Hogan*, 796 S.W.2d at 407. Husband claims that the trial court did not err in its division of marital property, even if it mischaracterized the teachers' retirement accounts as marital property, because it clearly considered the economic benefit of the teachers' retirement accounts of each party when it assigned values thereto, and its division of property was based upon such consideration.

■ The test applied in *Gismegian* to determine if reversal is required is whether the error materially impacted the overall distribution of marital property. *Gismegian*, 849 S.W.2d at 204. In this case, if the teachers' retirement acccunts are excluded from the division of property, Wife would receive a net distribution of $44,265 rather than $84,265, while Husband would receive a net distribution of $71,358 rather than $110,358. The trial court's misapplication of the law impacts Wife's distribution in a more significant manner than Husband's. Upon exclusion of the teachers' retirement accounts, Wife's share is

reduced by approximately one-half while Husband's share is reduced by only about one-third. The trial court's error materially impacts the division of property and a reversal of the judgment is required. *Id.* On remand the trial court is instructed to acknowledge that the Missouri Teachers' Retirement accounts of Husband and Wife are his or her sole and separate property and to determine the division of the marital property.

In its consideration of the division of property on remand, the trial court will be in a position to evaluate the arguments raised by Wife and Husband under Wife's Point I. Wife claims the trial court erred in its distribution of the marital assets because it abused its discretion in ordering an inequitable and uneven distribution in favor of Husband. Wife argues that the decree of the trial court was contrary to its oral pronouncement at the end of the trial that it intended to divide the property as equally as possible. It is somewhat unclear, but it appears the trial court intended an equal division of the marital property, which the record would support. The order dividing the marital property is reversed and the cause remanded for a division of property which recognizes the Missouri Teachers' Retirement accounts as separate property. It is not necessary for this court to address the claim of error in Point I, as the trial court will have the opportunity to correct its valuations or rectify any inequities, as raised in the parties' arguments on appeal, when making its division of property on remand.

That portion of the decree of dissolution pertaining to the division of the property of the parties is reversed. The cause is remanded for proceedings consistent with this opinion.

All concur.