Mary C. LUDWINSKI, Respondent,

v.

Robert M. LUDWINSKI, Appellant.

No. 72950.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1998.

Paul, Camazine & Blumenthal, P.C., Daniel P. Card, II, St. Louis, for appellant.

Mary C. Ludwinski, pro se.

KAROHL, Judge.

Robert M. Ludwinski (husband) appeals the division of property provisions in a decree of dissolution. We affirm in part and remand in part.

On April 24, 1995, Mary C. Ludwinski (wife) filed a petition for dissolution of marriage. She requested her personal property, an equitable distribution of the marital property, joint legal and primary physical custody of the two minor children of the marriage, and reasonable child support retroactive to the date of the filing of the petition. She did not allege any marital misconduct on the part of husband. On June 20, 1995, husband filed a cross-petition for dissolution. He requested that the court dismiss wife's petition for dissolution and proceed on his cross-petition. He did not allege any marital misconduct on the part of wife.

Wife works nine months per year for the Hazelwood school district as a senior English teacher. She earns $41,600 with an additional $1,900 when she teaches summer school. Husband is an instructional designer at Union Electric. He earns approximately $54,000 a year. Douglas, their son, has Downs Syndrome. He requires speech therapy and hearing aids. Douglas is enrolled at Central School in the Francis Howell School District.

The court found neither party possessed any separate, non-marital property. It assigned values to most of the marital property. It granted wife real property located at 5113 Silver Lake ($86,967), Metropolitan Life annuity ($2,218), Magna CD ($2,000), deferred compensation plan ($2,231), Metropolitan Life whole life policy ($2,218), a Saturn automobile (value unknown), state teacher retirement (value unknown) and one-half of the state income tax refund ($268.50). The court awarded husband a Skylark automobile ($4,600), boat, motor and trailer ($1,000), Washington mutual fund ($1,914), Mercantile IRA ($4,375), Jackson life annuity ($7,174), UE saving plan ($34,469), Electro savings ($107), Cutlass ($0), Aerostar Van ($0) and Magna savings ($115). It ordered wife to pay husband $14,000 to balance the division of marital property. It also ordered a Qualified Domestic Relations Order (QDRO) to divide equally husband's Union Electric retirement pension plan, which accrued during the parties' marriage to the date of dissolution. The court named wife as the surviving spouse on the portion of the pension plan accrued during the marriage to the date of the dissolution, and ordered a QDRO entered dividing the marital portion of the plan equally between the parties. In total, the trial court appears to have awarded $81,902.50 in marital property to wife and $68,022.50 in marital property to husband, including the $14,000 the court ordered wife to pay to husband.

■ Husband first argues the trial court erred by failing to rule on his post trial motion to amend and in so doing failed to correct an admitted error in the court's initial judgment and decree relative to the value of wife's Metropolitan Life annuity. He argues the court's error made the division of marital property unfair and inequitable in violation of section 452.330 RSMo Cum.Supp. 1996.

We review in accord with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the decision of the trial court unless it is unsupported by substantial evi-

dence, against the weight of the evidence, or misstates or misapplies the law. *Id.*

While classifying and dividing the marital property, the court assigned the Metropolitan Life annuity to wife as a marital asset with a value of $2,218. There was no substantial evidence to support the finding. Wife's amended financial statement listed the annuity's value at $15,556 at the time of filing. In a post-trial hearing of husband's motion for new trial, motion to amend and motion to divide property not divided in the decree, the parties agreed that the Metropolitan Life annuity had been incorrectly valued in the court's judgment. Wife's attorney opined that it appeared the court used the Metropolitan Life insurance policy's value for the Metropolitan Life annuity in the judgment. The value of the Metropolitan Life annuity at the time of the hearing was $16,920.83. The parties and the court agreed $16,920.83 was the correct value. The erroneous value assigned to the Metropolitan Life annuity provided wife with an additional $14,702 which was not considered in the distribution of marital property. On remand, the court must correct the unsupported finding and reconsider the division of marital property.

■ In his second point, husband argues the trial court erred in failing to assign a value to wife's interest in her teacher's retirement plan. He contends the court erred in designating the value as unknown because wife testified that the value of her interest in the plan was $41,000, and there was no contrary evidence. He contends the court erroneously described wife's interest in the plan to be marital property. Additionally, he argues the court erred in failing to consider the value of the plan in determining the distribution of the marital property as required by section 452.330 RSMo Cum.Supp.1996.

Section 169.572 RSMo Cum.Supp.1996 requires a Missouri teacher's retirement account be treated in the same manner as social security benefits. Social security benefits are not assignable and cannot be awarded as part of the division of property. *David v. David,* 954 S.W.2d 611, 616 (Mo.App. W.D. 1997). Therefore, wife's retirement fund is considered separate property. *Gismegian v.*

*Gismegian,* 849 S.W.2d 201, 204 (Mo.App. E.D.1993). Thus, the court did err in classifying the retirement fund as marital property awarded to wife.

■ The facts of *Gismegian* are quite similar to those of the instant case. In *Gismegian,* we found the trial court's inclusion of the teacher's retirement fund in wife's division of the marital property was reversible error because its exclusion would materially impact the total value of marital property received by the parties. *Gismegian,* 849 S.W.2d at 204. The test applied in *Gismegian* was whether the error materially impacted the overall distribution of marital property. *Gismegian,* 849 S.W.2d at 204. In this case, if the teacher's retirement account is excluded from the division of marital property, the division of marital property need not change because the court assigned "unknown value" to the retirement fund. However, the decree should be amended to award wife, as her separate property, her retirement plan with a value of $41,000. It remains for the court to decide whether this change materially impacts the overall distribution of marital property because of the separate property award of an asset having a known and substantial value.

■ In Point III, husband argues the trial court erred in finding the 1996 Saturn automobile that was awarded to wife was a marital asset with an unknown value. He argues wife testified that she used at least $10,000 of CD's to purchase the automobile. Thus, by not considering at least that value, he argues the court failed to divide the marital estate in a fair and equitable manner.

■ A trial court is not required to specifically determine the value of particular items of marital property unless a party requests such findings, or unless the record contains insufficient evidence to enable the court to make a just division. *Bullard v. Bullard,* 929 S.W.2d 942, 945–46 (Mo.App. E.D.1996). Neither party requested findings of fact and conclusions of law. Thus, the trial court was not required to assign a specific value to the Saturn automobile. We find no prejudice and no error.

■ In Point IV, husband argues the trial court erred in awarding wife half of his Union Electric pension plan through a QDRO and simultaneously awarding all of her teacher's retirement plan to wife. He argues the effect of the judgment, particularly in light of the social security benefits to which wife will be eligible through husband's employment, is to penalize him while rewarding her twice.

A trial court must consider the parties' separate property in arriving at an equitable and fair division of the marital property. Section 452.330 RSMo Cum.Supp.1996. The teacher's retirement plan of wife is non-marital property. Husband may not receive any interest in wife's retirement account. She will receive some benefit from husband's social security account. In *David v. David*, 954 S.W.2d 611 (Mo.App. W.D.1997), this court addressed a situation where wife had a teacher's retirement fund and received a benefit from husband's social security. On those facts, a trial court may take into consideration the fact that one spouse with a teacher's retirement fund also receives a social security benefit as spouse, while the other receives no benefit from the teacher's retirement fund. *Id.* at 616. The facts are repeated here. On remand, the court may add this consideration in re-determining the division of marital property.

■ In Point V, husband argues the trial court erred in valuing the Skylark automobile at $4,600 and in awarding the asset to husband at that value. He argues the court erred in that the only evidence on the value of the Skylark was that it was worth approximately $2,000. Husband's own financial statement lists the value of the Skylark at $5,050. The court's valuation of the Skylark fell within the range of evidence presented, and thus, will not be reversed. *Theilen v. Theilen*, 847 S.W.2d 116, 119 (Mo.App. W.D. 1992). Point denied.

■ In Point VI, husband argues the trial court erred in awarding wife 54.6 percent of what it considered the marital estate. Husband contends the award was disproportionate because the court did not find either party guilty of marital misconduct. The law does not require equal division of marital property, but the division must be fair and

equitable after taking into consideration the factors set forth in section 452.330.1 RSMo Cum.Supp.1996; *Ray v. Ray*, 877 S.W.2d 648, 651 (Mo.App. W.D.1994). In view of our remand to the trial court to reconsider other issues that may affect the trial court's distribution of separate and marital property, we will not address this issue.

Appellant's motion to strike respondent's brief is denied. We reverse the division of property provisions and remand for an amended decree.

AHRENS, P.J., and CRANDALL, J., concur.