Sara Beth SILCOX, Respondent,

v.

Amberis David SILCOX, Appellant.

David Amberis Silcox, Jr., Third
Party Respondent.

No. SC81836.

Supreme Court of Missouri,
En Banc.

Dec. 21, 1999.

Thomas L. Williams, Joplin, for Appellant.

John S. Pratt, Jr., Susan S. Jensen, Springfield, for Respondent.

RONNIE L. WHITE, Judge.

Amberis David and Sara Beth Silcox were married on September 19, 1980, in Franklin County, Missouri. After thirteen years of marriage, they separated on October 1, 1993. Mrs. Silcox filed a dissolution action on November 22, 1993. The marriage was ordered dissolved by the trial court on March 19, 1996. This ruling was appealed twice to the court of appeals. In the first appeal, the southern district remanded the case "for entry of a judgment containing no discrepancies in the valuation and distribution of the property." The second appeal was transferred to this Court on July 30, 1999, for consideration of various constitutional issues as required by article V, section 3 of the Missouri Constitution. The trial court's opinion is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Prior to their marriage, Mrs. Silcox owned a home in Sullivan, Missouri, located at 7 Golf Drive. The estimated fair market value of the home ranged from $20,000 (Mrs. Silcox's estimate) to $35,000—$40,000 (Mr. Silcox's estimate). Prior to the marriage dissolution, the home had an outstanding mortgage between $11,000 to $15,000. Mr. Silcox brought into their marriage a KOA Campground valued at $155,000 with a mortgage of $8,000 outstanding. He also took his retirement benefits from his job at Atlantic Richfield Oil Company as a lump sum of $25,000. This retirement money was placed in the parties' joint checking account and used to pay off the mortgage obligations on the Golf Drive home and the KOA Campground.

During their marriage, the Silcoxes sold their Golf Drive home for between $54,000 and $68,000. They also sold the KOA Campground for over $155,000 and deposited these funds into their joint accounts. Sometime thereafter, the parties jointly acquired a home on 1.7 acres of lakefront property in Branson, Missouri, valued at $204,000 and a condo in Florida for $40,000 to $50,000.

At the time of their marriage, both parties were employed. Mr. Silcox had retired from Atlantic Richfield Oil Company prior to their marriage. During the marriage, he owned and operated the KOA Campground and worked with his son for a short time at Branson Heating and Cooling. Mrs. Silcox was employed as an elementary school teacher in Sullivan, Missouri. She taught kindergarten full time until March 1989. She then retired and began receiving a monthly paycheck from her retirement fund.

The primary dispute in this case involves the proper treatment of Mrs. Silcox's public school teacher's retirement benefits. Mrs. Silcox claims that section 169.572 requires her retirement benefits be treated as non-marital property. Mr. Silcox claims that either her retirement benefits were marital property or, if the retirement benefits are to be considered nonmarital property, the trial court failed to give him proper credit in the marital property distribution for those benefits. After remand from the southern district, the trial court awarded Mrs. Silcox her public school retirement benefits as separate property. The trial court failed to place any value on her retirement benefits.

## II. RETIREMENT BENEFITS AS NONMARITAL PROPERTY

In his first assertion of error, Mr. Silcox claims that Mrs. Silcox failed to prove that her retirement benefits are nonmarital property pursuant to section 452.330.2 and

.3, RSMo.[1] In support of this assertion, he advances four distinct premises maintaining that the retirement benefits must be considered marital property.

■ In his first premise, Mr. Silcox looks to the language of section 169.572.2. That section provides that courts shall not divide or set aside retirement benefits in dissolution of marriage actions under chapter 169. Mr. Silcox argues that the language of section 169.572 makes no reference to whether teacher's retirement benefits are marital or nonmarital property within the meaning of section 452.330. He admits that the court's decision in *Gismegian v. Gismegian* [2] determined that such benefits are nonmarital property, but he argues that *Gismegian* and the cases that followed it have strayed from the plain language of the statute.

Mr. Silcox argues that the plain meaning of the term "divide" as used in section 169.572 does not prohibit those benefits from being considered marital property; it only requires that those benefits themselves not be divided between the parties.[3] He also addresses use of the term "set apart" as used in section 452.330.1. Random House Dictionary of the English Language, Unabridged, 1966, defines "set apart" as "to reserve for a particular purpose." The term "set aside," as used in section 169.572, is defined as "to put to one side" or to reserve. According to Mr. Silcox, the definitions of these terms require that they be treated as synonyms.

Thus, he argues it is inconsistent to read the term "set aside" in section 169.572 as forbidding the inclusion of the retirement benefits as marital property and the term "set apart" in section 452.330.1 as reserving those benefits as nonmarital property.

This argument is unpersuasive. Section 169.572.2 provides that a Missouri teacher's retirement account must be treated in the same manner as social security benefits. The Social Security Act provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.[4]

Construing this statute, the United States Supreme Court has held that this statute imposes "a broad bar against the use of any legal process to reach all social security benefits." [5] As sec. 169.572 requires that teacher's benefits be treated identically to social security, a teacher's retirement fund may not be considered marital property in a marital dissolution.[6] In fact, the court in *Kieninger v. Catlett* [7] rejected this very argument regarding the construction of section 169.572 and determined that the public school teacher's benefits were nonmarital property.

■ In his second premise, Mr. Silcox argues that if section 169.572 requires

1. All statutory references, unless otherwise noted, are to RSMo 1994.

2. 849 S.W.2d 201 (Mo.App.1993).

3. *See Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982); *Davolt v. Davolt*, 764 S.W.2d 497 (Mo.App.1989); *In re Marriage of Witzel*, 727 S.W.2d 214 (Mo.App.1987); *D'Aquila v. D'Aquila*, 715 S.W.2d 318 (Mo.App.1986) (holding in these instances that provisions against dividing benefits sought only to keep the actual benefit dollars with the spouse who earned them, but that they remain marital property and a compensating allowance can be taken from other marital property).

4. 42 U.S.C. sec. 407(a) (1994).

5. *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973).

6. *Ludwinski v. Ludwinski*, 970 S.W.2d 892 (Mo.App.1998); *David v. David*, 954 S.W.2d 611, 616 (Mo.App.1997); *Mallams v. Mallams*, 861 S.W.2d 822 (Mo.App.1993); *Kieninger v. Catlett*, 854 S.W.2d 59 (Mo.App.1993); *Gismegian v. Gismegian*, 849 S.W.2d 201, 204 (Mo.App.1993).

7. 854 S.W.2d 59 (Mo.App.1993).

teacher's retirement benefits to be nonmarital property in a marriage dissolution proceeding, then section 452.330 is effectively amended or repealed by implication. Repeals by implication are not favored.[8] If by any fair interpretation both statutes may stand, there is no repeal by implication and both statutes must be given their effect.[9] Section 452.330.3 creates a presumption that all property acquired during the marriage is marital. This presumption may be overcome by showing that the property was acquired in accordance with one of five exceptions listed in subsection 2.[10] However, this list is not exclusive. Thus, section 452.330 does not prohibit section 169.572 from treating teacher's retirement benefits in the same manner as social security benefits. As there is no conflict, both statutes remain in full force.

■■■ Mr. Silcox's third premise claims that section 169.572 violates the equal protection clause as applied.[11] He claims that the court violates the equal protection clause by its interpretation of section 169.572. Statutes are presumed to be constitutional and will be held otherwise only if they clearly contravene a constitutional provision.[12] Where feasible to do so, the statute will be interpreted to be consistent with the constitution with all doubts to be resolved in favor of validity.[13]

Because both social security and section 169.572 cover non-teachers employed in the public school system, Mr. Silcox contends that there is no rational basis for the court's construction of section 169.572 treating non-teacher school employees differently from similarly situated individuals employed outside of schools. He further argues that the court violates the equal protection clause in its interpretation of section 169.572 because that section applies only to actions for dissolution of marriage and does not address legal separations.

■■■ In order to have standing to raise a constitutional issue, the objecting party's rights must have been affected.[14] Mr. Silcox lacks standing to assert his equal protection claim because his spouse is a teacher and does not receive social security benefits. Similarly, Mr. Silcox has no standing to assert a denial of equal protection for spouses involved in a legal separation, as he requested dissolution and not legal separation at trial. Furthermore, the court's application of section 169.572 need only survive rational basis review.[15] Under rational basis review, it is improper for this Court "to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination."[16] As Mr. Silcox stated in his brief, the likely purpose of section 165.572 is to provide retirement for teachers who are not otherwise provided for under social security. It is not necessary under rational basis review that section 165.572 be as narrowly tailored as Mr. Silcox contends. Section 169.572 is sufficiently tailored to carry out

---

8. *In re Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996).

9. *Id.*

10. Section 452.330.2, RSMo.

11. *See* U.S. Const. amend. XIV and Mo. Const., Art. I, Sect. 2.

12. *State v. Young*, 695 S.W.2d 882, 883 (Mo. banc 1985).

13. *Id.*

14. *Missouri Bluffs Golf Joint Venture and Missouri Golf, Inc. v. St. Charles County Board of Equalization*, 943 S.W.2d 752, 756–57 (Mo. App.1997).

15. *In re Marriage of Kohring*, 999 S.W.2d 228 (Mo. banc 1999) (noting that where government action does not create a suspect classification nor infringe upon a fundamental right, it will survive judicial scrutiny if the classification is rationally related to a legitimate government interest).

16. *Id.* (quoting *Winston v. Reorganized Sch. Dist. R–2*, 636 S.W.2d 324, 327 (Mo. banc 1982)).

the state's goal of providing retirement to teachers not covered by social security.

In his fourth premise, Mr. Silcox contends that section 169.572 violates the constitutional prohibition against applying a law retrospective in its operation.[17] He asserts that because Mrs. Silcox was vested and was drawing her retirement approximately two years before the enactment of section 169.572, he was also vested in those benefits by virtue of section 452.330. He argues that to apply section 169.572 retrospectively after he has a vested right in those benefits as a married spouse would violate article I, section 13 of the Missouri Constitution as a retrospective application of law.

A statute operates retrospectively where it "takes away or impairs a vested or substantial right or imposes a new duty in respect to a past transaction."[18] However, a vested right must be something more than a unilateral expectation that existing law shall not be changed.[19] Instead, "it must have become a title, legal or equitable, to the present or future enjoyment of property...."[20] Furthermore, "neither persons nor entities have a vested right in a general rule of law or legislative policy that would entitle either to insist that a law remain unchanged."[21]

In this case, Mr. Silcox claims that the enactment of section 169.572 has impaired his vested rights to the school retirement benefits of Mrs. Silcox, which he asserts are marital property under section 452.330. However, the language of section 452.330 does not support Mr. Silcox's claim to a vested right. Section 452.330 allocates and distributes property of the spouses at the time of the marital dissolution. This case was not filed until November 1993, well after the enactment of section 169.572. Mr. Silcox has cited no authority to support his position that this section vests in him a right to the retirement benefits. Mr. Silcox has no vested right to the retirement benefits that was affected by the application of section 169.572.

## III. CONSIDERATION OF THE VALUE OF NONMARITAL PROPERTY

Mr. Silcox next objects to the trial court's failure to assign a value to Mrs. Silcox's retirement benefits and to consider that value when dividing the marital property between the parties. Section 452.330.1 states, "the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors...." Among the relevant factors listed under that section is the value of nonmarital property set apart to each spouse.[22] Mr. Silcox also argues that given the already heavily weighted distribution of property towards Mrs. Silcox, it was improper to award her a $6,000 money judgment and a $116,331.25 lien on the marital home.

The trial court has broad discretion in determining the distribution of marital property.[23] While the trial court's division of marital property need not be equal, it must be fair.[24] The trial court's decision should be affirmed so long as the division of property is not so unduly weighted in favor of one party as to consti-

---

17. *See* article I, section 13 Missouri Constitution.

18. *Beatty v. State Tax Comm'n,* 912 S.W.2d 492, 496 (Mo. banc 1995).

19. *Fisher v. Reorganized School Dist., Etc.,* 567 S.W.2d 647, 649 (Mo. banc 1978).

20. *Id.*

21. *Beatty,* 912 S.W.2d at 496.

22. Section 452.330, RSMo 1994.

23. *Golleher v. Golleher,* 697 S.W.2d 547, 550–51 (Mo.App.1985).

24. *Rombach v. Rombach,* 867 S.W.2d 500, 505 (Mo. banc 1993).

tute an abuse of discretion.[25] "An abuse of discretion will be found only if the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration."[26] True, this Court has determined Mrs. Silcox's retirement benefits to be nonmarital property. However, it is the duty of the trial court to consider the value of nonmarital property to each spouse in its division of marital property.[27] Particularly in this case where Mrs. Silcox could benefit from her husband's social security but he receives no compensating benefit from her pension, the trial court should have considered the value of her teacher's pension when dividing the marital property.[28]

In Mr. Silcox's offer of proof, his expert valued Mrs. Silcox's retirement benefit at the time of the hearing to be $224,262.00.[29] Given that the couple's adjusted marital property totaled only $439,162.50 and given the relatively insignificant monetary value of Mr. Silcox's separate property, the trial court committed prejudicial error in failing to consider the value of her teacher's pension when dividing the marital property.

## IV. ATTORNEY'S FEES AND COSTS

In his final point, Mr. Silcox argues that given the imbalance of the marital property award between the parties, the award of fees and costs to Mrs. Silcox was improper. Generally, parties to a dissolution case pay their own attorney fees.[30] However, the trial court is given great discretion in awarding such fees and costs in dissolution proceedings and its decision should not be overturned unless it amounts to an abuse of discretion.[31] The party challenging the award has the burden to prove an abuse of discretion, which will be found only where the decision is so arbitrary as to shock one's sense of justice.[32] The mere imbalance of the property distribution does not by itself constitute an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the trial court on Parts II and IV. We reverse and remand the case on Part III for valuation of Mrs. Silcox's teacher's retirement benefits and consideration of those benefits in the division of marital property. In light of our remand for reevaluation of the property distribution, this Court does not reach the issue of the propriety of the trial court's award of money judgments and liens to Mrs. Silcox.

PRICE, C.J., and LIMBAUGH, HOLSTEIN, WOLFF and BENTON, JJ., and OTTEN, Special Judge, concur. COVINGTON, J., not participating.

25. *Sola v. Bidwell*, 980 S.W.2d 60, 66 (Mo. App.1998).

26. *Id.* (quoting *McNeely v. McNeely*, 935 S.W.2d 103, 104 (Mo.App.1996).

27. *David v. David*, 954 S.W.2d 611, 616–17 (Mo.App.1997).

28. *Id.*

29. The expert was recognized by both parties as the foremost expert in their locale for valuing businesses and investments like in this case.

30. *Mistler v. Mistler*, 816 S.W.2d 241, 256 (Mo.App.1991).

31. *Glenn v. Glenn*, 930 S.W.2d 519, 525 (Mo. App.1996).

32. *Id.*