Michelle K. McNEELY, Respondent,

v.

Gary W. McNEELY, Appellant.

Nos. WD 51793, WD 52129.

Missouri Court of Appeals,
Western District.

Dec. 17, 1996.

Betsy Ann T. Stewart, Independence, for appellant.

Gary Steinman, Gladstone, for respondent.

SPINDEN, Judge.

Gary McNeely appeals the circuit court's modification of a decree of dissolution and the award of attorney fees. We reverse the judgment modifying the divorce decree, affirm the award of attorney fees to Michelle McNeely, and remand for new trial.

Gary and Michelle McNeely divorced on June 27, 1991. The court awarded primary custody of the couple's only child, born on May 10, 1990, to Michelle McNeely. The court granted Gary McNeely visitation rights. In 1995, Gary McNeely asked the circuit court to change the child's primary residence and to modify its visitation order. Michelle McNeely filed an answer and cross-motion to modify child support and visitation. After a hearing, the circuit court denied Gary McNeely's request and sustained Michelle McNeely's motion, modifying the visitation schedule and ordering Gary McNeely to pay increased child support. He appeals the circuit court's modification order and its order granting Michelle McNeely attorney fees on appeal.

Gary McNeely raises several points on appeal. His second point is dispositive; however, we also address his complaint concerning the circuit court's awarding Michelle

McNeely attorney fees on appeal.[1] He argues that the trial court erred in not appointing a guardian *ad litem* for the minor child pursuant to § 452.423.1, RSMo 1994, because McNeely made allegations of abuse and the circuit court heard evidence supporting the allegations.

■ Section 452.423.1 says, "The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." This is mandatory, not discretionary, even if neither party asks the circuit court to appoint a guardian *ad litem. Wilkinson v. DeClue*, 890 S.W.2d 774, 776 (Mo.App. 1995).

Although neither party asked the trial court to appoint a guardian *ad litem*, the record shows that abuse was alleged. Gary McNeely's amended motion to modify alleged "suspected excessive corporeal [sic] punishment of the minor child" and "suspected continued inappropriate use of corporeal [sic] punishment of the minor child." The circuit court heard evidence that the child had been physically abused while in his mother's custody, but that the perpetrator was unknown.

The circuit court's overriding duty is to serve the best interests of the child. *S.K.B. v. J.C.B.*, 867 S.W.2d 651, 657 (Mo.App.1993). The purpose of appointing a guardian *ad litem* is to ensure that the child's best interests are adequately represented and protected. *Id.* Because the circuit court did not appoint a guardian *ad litem* in this case, as required by § 452.423.1, we are left with no alternative but to reverse.

We reverse the circuit court's judgment modifying the divorce decree. We remand the cause to the circuit court for a new trial after it has appointed a guardian *ad litem* for the minor child.

■ Concerning Gary McNeely's claim that the circuit court abused its discretion in awarding Michelle McNeely's attorney fees on appeal, the circuit court has broad discretion in awarding attorney fees. We will affirm an award for attorney fees unless it is so arbitrary or unreasonable that it indicates

indifference and lack of proper judicial consideration. *Ritter v. Ritter*, 920 S.W.2d 151, 156 (Mo.App.1996). The party challenging an award of attorney fees must show that the award was "clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* After reviewing the record, we do not discern that the circuit court's award of attorney fees to Michelle McNeely on the appellate level was arbitrary or unreasonable. We, therefore, affirm the award.

ULRICH, C.J., P.J., and EDWIN H. SMITH, J., concur.

---

1. In light of the this court's disposition of the modification issue, we do not address Gary McNeely's claim that the circuit court abused its discretion awarding Michelle McNeely costs and attorney fees on the trial level because this matter may be reconsidered on remand.