**Amy J. DAVIS, Appellant,**

v.

**Henry L. DAVIS, Respondent.**

**No. ED 77737.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 2001.

Barbara L. Greenberg, Clayton, MO, for appellant.

Kimber Houpt Baro, Florissant, MO, for respondent.

MARY RHODES RUSSELL, Judge.

Amy J. Davis ("Wife") appeals from a judgment entered by the Circuit Court of St. Louis County, dissolving her marriage to Henry L. Davis ("Husband"). On appeal, Wife alleges the trial court abused its discretion in the division of marital property in that the court awarded Husband both the marital home and the rental home, leaving Wife without housing. We modify the judgment in regards to the awarding of the rental home to Husband in that the division of property ordered by the court constituted an abuse of discretion.

Husband and Wife were married on December 29, 1982. There were two children born of the marriage and at the time of trial, the oldest child was attending college out of town and the youngest child was a junior in high school. In March 1999, Wife filed a petition for dissolution of marriage and Husband cross-petitioned for dissolution. This case went to trial in September 1999 on Husband's cross-petition for dissolution.

At the time of filing of the dissolution petition, Wife was employed at the rate of $10 per hour. At the time of trial, however, she had a different job earning $6.75 per hour and a net monthly take home pay of $1072. Husband was employed at all times at the base rate of $12.79 per hour and his net monthly take home pay was $1916.

The parties owned two parcels of real estate, their marital home valued at $70,400 and a rental home valued at $30,000. There was a mortgage on the marital home in both parties' names with a balance of $68,000. The rental home was encumbered by two mortgages. The first mortgage was solely in Husband's name with a balance of $14,569, and the second mortgage was in both parties' names with a payoff of $12,384. At the time of trial, Husband was living in the marital home with the parties' daughter, and the rental home was leased to Wife's sister for $430 per month. Wife was residing in a hotel.

The parties owned two automobiles. Husband drove a pick-up truck valued at

$6,000, which was unencumbered. Wife drove a Mazda valued at $9,000 with a $7,000 lien requiring monthly payments of $273.

Also classified as marital property was Husband's pension and retirement plan without a present value, his employee stock ownership plan ("ESOP") valued at $4,211, and ninety shares of stock valued at $900.

The parties accumulated debt during their marriage, including two joint credit card accounts with balances of $1,373 and $4,430. In addition, there was a Sears and JC Penney charge account, both in Husband's name, in the amount of $1,640 and $101 respectively, for a total of $7,544.

After trial, the court withheld entering a decree of dissolution and instead entered an order stating that Wife had thirty days, or until October 30, 1999, to obtain a loan commitment in her name to refinance the rental home in the minimum amount of $26,953. That figure reflected the payoff on both mortgages in which Husband was a debtor. Wife was unable to obtain this loan.

Thereafter, the trial court entered its judgment dissolving the parties' marriage. Husband was awarded both the marital home and the rental home, the pickup truck, the ninety shares of stock, 50% of the retirement and pension plan, and 50% of the ESOP. Husband was also ordered to pay the mortgages on both pieces of property as well as all of the accumulated debt. Wife was awarded the Mazda automobile, 50% of the retirement and pension plan, and 50% of the ESOP. She was also ordered to pay the lien on her automobile. Husband was awarded primary physical and legal custody of the parties' minor children and Wife was given overnight visi-

tation. The court did not award any child support or maintenance. Wife now appeals the court's division of property awarding the rental home to Husband.[1]

Upon review of a decree of dissolution, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court is granted broad discretion in determining the distribution of marital property. *Silcox v. Silcox,* 6 S.W.3d 899, 904 (Mo. banc 1999). The trial court's division of marital property need not be equal, but it must be fair. *Id.*

We will affirm the trial court's decision as long as the division of property is not so unduly weighted in favor of one party so as to constitute an abuse of discretion. *Id.* at 904–05. "An abuse of discretion will be found only if the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *Id.* at 905 (*quoting Sola v. Bidwell,* 980 S.W.2d 60, 66 (Mo.App.1998) (*quoting McNeely v. McNeely,* 935 S.W.2d 103, 104 (Mo.App.1996))).

In her sole point on appeal, Wife claims the trial court abused its discretion in its division of marital property in violation of section 452.330 RSMo 2000[2] in that Husband was awarded both the marital home and the rental home and Wife was thereby deprived of housing. Section 452.330 provides, in pertinent part:

1. In a proceeding for dissolution of the marriage or legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked

---

1. Husband has not entered his appearance in this appeal nor filed a brief herein.

2. All future statutory references are to RSMo 2000 unless otherwise indicated.

personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The first factor of section 452.330 requires the trial court to consider the economic circumstances of each spouse at the time the marital property is divided.

Wife does not dispute that Husband should be awarded the marital residence since he was granted custody of the children, but she argues that her economic circumstances justify an award of the rental home to her. Wife has been most recently earning $6.75 per hour and living in a hotel while Husband was making $12.79 per hour and living in the marital home. By awarding Husband the rental home, he was given an asset that was producing rental income in the amount of $430 per month, which covered the mortgage payments. Thus, the property's equity was increasing at no cost to him.

Wife acknowledged that despite not being awarded any liquid assets, she felt she had the ability to again earn $20,000 to $25,000 in annual income and would be able to pay the rental home's $428 monthly mortgage payments for her housing needs. A $428 house payment would be a more reasonable cost for housing than the $200 per week she was paying to stay at a hotel. By awarding Wife the rental home, not only would she have a place to live, but she would also have the opportunity to build equity in an asset, just as Husband was given that opportunity with the marital home. In addition, the parties' children would have a more desirable location to visit their mother, who was awarded liberal visitation.

■ The court order that Wife must obtain new financing in her own name and release Husband of any obligation on the rental home before awarding her the property, was unreasonable and unfair under the circumstances. There was no reciprocal requirement for Husband to refinance the marital residence in his name solely and remove Wife from any liability within 30 days. There was no evidence that she had a history of defaulting on debts. Further, Wife testified that for the majority of their marriage, she successfully managed the family finances until Husband removed her name from the account. In Wife's current personal and economic situation, however, it was unlikely that she could have obtained financing. After weighing the economic circumstances of the parties, we find no evidence to support the awarding of the rental home to Husband.

The next factor the trial court must consider is the contribution of each spouse to the acquisition of marital property. Wife and Husband were both employed full-time at the time of trial and maintained a joint bank account for the majori-

ty of their marriage. Although the rental home was owned in part by Husband before the marriage, Wife's name was later added to the deed and marital income was used to pay down the mortgage throughout the 17–year marriage. We find no reason for an unequal distribution of the marital property based upon the contribution of each party to the acquisition of marital property.

The third statutory factor, the value of any nonmarital property awarded to the parties, is inapplicable in this case.

The conduct of the parties during the marriage is the fourth factor for the trial court to consider in dividing the property. The trial court made no finding that either party committed marital misconduct or otherwise engaged in conduct that would affect the distribution of property.

The fifth factor requires the trial court to consider the custodial arrangements of the minor children. Wife does not dispute that Husband, as primary custodian, should receive the marital home. It is not necessary, however, for Husband to also receive the rental home while Wife resides in a hotel and the children are placed in a situation that is less than desirable during periods of time when Wife has temporary custody.

Upon review of all the statutory factors to be considered by the trial court in the division of marital property and debt, we find that the factors weigh in favor of awarding Wife the rental home.

While it is not necessary for the property division to be equal, it must be fair. *Silcox*, 6 S.W.3d at 904. No findings were made by the court to support an unequal division of the marital property, nor were there any findings to support awarding Husband both homes, leaving Wife with no place to live. We, therefore, find the trial court abused its discretion in awarding the rental home to Husband.

The judgment is modified with respect to the award of the rental home to Husband. In accordance with Rule 84.14, we enter the judgment the trial court should have entered and modify paragraph 2 of Exhibit 2 attached to the decree of dissolution as follows: Wife is awarded the real property located at 6333 Jefferson, St. Louis, Missouri, 63134, and with the following legal description:

> Lots 20 and 21 in Block 3 of KINLOCH PARK, according to the plat thereof recorded in Plat Book 3 page 36 of the St. Louis County Records. Together with improvements thereon known as and numbered 6333 Jefferson.

Husband shall immediately execute a quitclaim deed to Wife. Wife is ordered to begin paying the mortgage indebtedness to Commercial Federal and Providian Home Loans as of the date of execution of the quitclaim deed and she shall indemnify and hold Husband harmless thereon. Wife is not responsible for reimbursing Husband for any payments he has made on the rental home mortgages.

In all other respects, the terms of the decree of dissolution of December 6, 1999, are affirmed.

ROBERT G. DOWD, JR., and RICHARD B. TEITELMAN, J., concur.