In re the **MARRIAGE OF Billie Gene McGEE and Debra Sue McGee.**

**Billie Gene McGee, Petitioner/Respondent,**

v.

**Debra Sue McGee, Respondent/Appellant.**

No. 25198.

Missouri Court of Appeals, Southern District, Division One.

July 14, 2003.

---

James M. McClellan, Sikeston, for respondent/appellant.

King E. Sidwell, Blanton, Rice, Sidwell, Nickell & Cozean, L.L.C., Sikeston, for petitioner/respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Debra Sue McGee (Mother) appeals from a decree of dissolution of marriage entered by the Circuit Court of Scott County dated December 26, 2001, awarding Billie Gene McGee (Father) custody of their child, Kaylee, born February 21, 1997. The judgment provided for joint legal custody but awarded primary physical custody of Kaylee to Father and provided for visitation with Mother. Mother appeals. We affirm in part, reverse in part, and remand.

Appellate review of a judge-tried case is .governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In *Murphy,* the court construed the predecessor of Rule 73.01(c) to mean that the judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Gaar v. Gaar's Inc.,* 994 S.W.2d 612, 616 (Mo.App. 1999).

Mother's sole point on appeal argues that the trial court abused its discretion in placing custody of Daughter with Father based upon overwhelming and credible evidence that Father had attempted suicide with a drug overdose, manifesting long-term mental instability and drug usage, all contrary to the factors set out in § 452.375,[1] and the best interests of Child.

Section 452.375.2 sets forth that the trial court is to "determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

---

**1.** Statutory references are to RSMo 2000, un- less otherwise indicated.

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian."

As to these factors, § 452.375.6 provides, in part:

> 6. If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

■ When interpreting statutes, we ascertain the intent of the legislature by giving the language used its plain and ordinary meaning. *Baxley v. Jarred*, 91 S.W.3d 192, 196 (Mo.App.2002). In *Brandow v. Brandow*, 18 S.W.3d 584 (Mo.App. 2000), the Western District explained the plain and ordinary meaning of § 452.375.6 as follows:

> According to the plain language of the statute, when the parties have not agreed to a custodial arrangement, the court is required to include in its judgment a written finding based on the public policy in § 452.375.4 and the factors listed in § 452.375.2(1) to (8), detailing the specific relevant factors that made the chosen arrangement in the best interest of the child. Furthermore, the statute requires that if a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment detailing the specific relevant factors resulting in the rejection of the arrangement.

*Id.* at 587–88.

Here, the record shows that both Mother and Father petitioned for custody of Kaylee. Thus, they did not agree to a custodial arrangement. The trial court, therefore, was required under § 452.375.6 to make written findings in the judgment detailing the specific relevant factors that made its custody award in the best interests of the child. No such findings were made in this case. Thus, "[i]f written findings are required of the trial court by § 452.375.6, but are not made, the award of child custody will be reversed and the case remanded for the court to make the necessary finding and an award in accordance therewith." *Bauer v. Bauer*, 38 S.W.3d 449, 456 (Mo.App.2001).

The trial court's judgment is reversed, and the cause is remanded with respect to its award of custody and child support. Upon remand, the trial court is directed to make written findings in compliance with § 452.375.6 and for entry of a new child custody and support judgment as the trial court deems proper. In all other respects, the judgment is affirmed.

GARRISON, J., and BARNEY, J., concur.