**Jennifer Lynn PADEN, Plaintiff–Respondent**

v.

**Bart Alan PADEN, Defendant–Appellant.**

**No. 25193.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 8, 2004.

Sarah Luce Reeder, Joplin, for appellant.

Gayle L. Crane, Sotta & Crane, P.C., Joplin, for respondent.

JOHN E. PARRISH, Judge.

Bart Alan Paden (husband) appeals parts of the judgment entered in an action for dissolution of marriage brought by Jennifer Lynn Paden (wife).[1] Husband appeals the part of the judgment that placed primary physical custody of the children with wife without specific findings by the trial court regarding factors it considered in determining what was in the children's best interests. Husband further requests this court to reverse the parts of the judgment that divided marital property and awarded wife attorney fees. This court reverses and remands the custody provision of the judgment with directions to the trial court to make findings as required by § 452.375.6.[2] In all other respects the judgment is affirmed.

Husband and wife married June 5, 1993. They have two sons, Noah Reese Paden born November 21, 1996, and Elijah Cole Paden born August 24, 1999. The parties separated January 2, 2002. This action for dissolution of marriage was filed April 12, 2002.

The trial court dissolved the parties' marriage, divided marital property, and set aside non-marital property to each party. The parties were awarded joint legal custody of the children. Wife was awarded primary physical custody. Husband was granted "reasonable and specific visitation." The judgment states specific times when husband shall be entitled to visitation and provides for additional summer visitation "appropriate to their family situation." The judgment directs the parties to annually "consult to discuss and prepare an agreed written schedule for the summer months" that includes time consistent with guidelines it provides. Husband was ordered to pay wife child support. He was further ordered to pay $1,500 for wife's attorney fees.

Husband's first point on appeal asserts the trial court's judgment was erroneous with respect to awarding wife primary physical custody of the children "because the trial court abused its discretion in not considering nor making any specific findings as to the relevant factors of section 452.375.2 RSMo (1998) to determine the best interest of the minor children as required by section 452.375.6 RSMo (1998)."

---

1. Husband erroneously states his name as the first party to the action appealed contrary to dictates of Rule 81.03 that provide "the title of the action shall not be changed in consequence of the appeal." The caption this opinion reflects is consistent with that rule.

2. References to statutes are to RSMo 2000 unless stated otherwise.

Point I further contends "the trial court abused its discretion in not considering nor making any specific findings with reference to the public policy of the State of Missouri declared in section 452.375.4 RSMo (1998)."

■■■ Point I, at the end of its narration, attempts to state other disparate claims of error related to calculation of the amount of child support awarded to wife. In that respect, Point I does not conform to Rule 84.04. "'A statement of a point relied on ... violates Rule 84.04 when it groups together contentions not related to a single issue.'" *Burns v. Elk River Ambulance, Inc.*, 55 S.W.3d 466, 477 (Mo.App. 2001), *quoting Biever v. Williams*, 755 S.W.2d 291, 293 (Mo.App.1988). "Improper points relied on preserve nothing for appellate review." *Id.*

This court will address the issues in Point I related to statutory directives. The other claims are multifarious to making statutory findings regarding child custody. They are not preserved for review.

■■■ *Morse v. Morse*, 80 S.W.3d 898 (Mo.App.2002), explains:

> Section 452.375.6 ... provides:
>
> > If the parties have not agreed to a custodial arrangement, ... the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child....
>
> Thus, "[i]f written findings are required of the trial court by § 452.375.6, but are not made, the award of child custody will be reversed and the case remanded for the court to make the necessary findings and an award in ac-

cordance therewith." *Bauer v. Bauer*, 38 S.W.3d 449, 456 (Mo.App. W.D.2001).

*Id.* at 903–04.

The record on appeal does not reflect that the parties agreed to a custodial arrangement. The trial court considered the evidence and recommendations made at trial and authored the custody arrangement included in the judgment. The judgment does not include written findings detailing the specific relevant factors on which the trial court relied in concluding that the custody award was in the best interests of the children. This court is, therefore, compelled to grant the part of Point I related to child custody. The custody award will be reversed and remanded for the trial court to make the necessary findings mandated by § 452.375.6. *Morse, supra; In re Marriage of Duvall*, 67 S.W.3d 736, 740 (Mo.App.2002). The trial court may, in its discretion, make any change in the custody award previously entered in the event the findings it makes support a change.

■■ Point II asserts trial court error in its division of marital property. It complains that the trial court's division of marital property should be reversed "because it indicates a lack of careful consideration, is arbitrary and unreasonable, shocks the sense of justice, and is not supported by substantial evidence; and because the relevant factors of section 452.330.1 RSMo that the trial court must consider were not applied in accordance with the evidence presented."

Point II does not comply with requirements of Rule 84.04(d). Here, as in *Hampton v. Davenport*, 86 S.W.3d 494 (Mo.App.2002), Rule 84.04(d)(1) applies to what is required for husband's points relied on. It states:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Point II includes no explanation in the context of the case as to why the legal reasons it contends applicable support husband's claim of reversible error. Point II offers no hint as to how the facts in the case demonstrate a lack of careful consideration by the trial court; how the division of marital property shocks any sense of justice; in what respect the evidence did not support the division the trial court made of marital property; or in what respect applicable statutory factors were not applied.

■ "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo. App.1999). Point II does not afford this court with sufficient notice of a basis for the claims it asserts would permit their determination on the merits. As such, Point II is so deficient that it impedes the disposition of the appeal. Point II is dismissed.

■ Husband's remaining point, Point III, asserts that the trial court abused its discretion in the award of attorney fees.

In awarding attorney's fees, the trial court is considered expert in the necessity, reasonableness, and value of the legal services. *Meservey v. Meservey,* 841 S.W.2d 240, 248 (Mo.App. W.D.1992). An award of attorney's fees in a dissolution proceeding will not be overturned on appeal absent a manifest abuse of discretion. *Id.* An abuse of discretion will be found only if the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *McNeely v. McNeely,* 935 S.W.2d 103, 104 (Mo.App. W.D.1996). The party challenging an award of attorney's fees must show that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

*Sola v. Bidwell,* 980 S.W.2d 60, 66 (Mo. App.1998).

■ This court's review of the record on appeal does not reveal that the trial court's award of attorney fees was arbitrary or unreasonable or was a manifest abuse of discretion. Husband has not shown the award was clearly against the logic of the circumstances nor that the award suffices to shock one's sense of justice. Point III is denied.[3]

---

**3.** Wife filed a motion in this court seeking additional attorney fees for services rendered by her attorney in this appeal. That motion was taken with the case. This court declines to consider wife's motion in that a trial court's authority to award attorney fees includes authority to allow attorney fees for services rendered on appeal. *See Copeland v. Copeland,* 116 S.W.3d 726, 729 (Mo.App. 2003); *Meierer v. Meierer,* 876 S.W.2d 36, 37 (Mo.App.1994). The Motion for Attorney's Fees filed in this court is dismissed without

The custody provisions of the judgment are reversed and the case remanded with directions to the trial court to make written findings in its judgment as required by § 452.375.6 and to enter a child custody judgment consistent with those findings. In the event the custody award is changed from that previously entered, the trial court may, in its discretion, consider the child support requirements. If the trial court concludes the child support requirements are not appropriate, it may, in its discretion, enter such other child support award as it deems warranted in the circumstances. In all other respects, the judgment is affirmed.

RAHMEYER, C.J., and BATES, J., concur.

Spillars, Office of Attorney General, Jefferson City, for Respondent.

Before THOMAS H. NEWTON, Presiding Judge, PATRICIA A. BRECKENRIDGE, Judge, and PAUL M. SPINDEN, Judge.

prejudice. Leave is granted wife to seek attorney fees for services rendered on appeal

upon remand.