In re the MARRIAGE OF Cindy Suzanne COPELAND and Alan Dean Reynolds, Cindy Suzanne Copeland, Petitioner–Respondent,

v.

Alan Dean REYNOLDS, Respondent–Appellant.

No. 25945.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 15, 2004.

Michael J. Ligons, Van Buren, MO, for Appellant.

Christina L. Kime, L. Dwayne Hackworth, Piedmont, for Respondent.

JEFFREY W. BATES, Chief Judge.

The marriage between Alan Reynolds ("Father") and Cindy Copeland ("Mother") was dissolved on December 28, 1998. The initial decree awarded Mother the "primary care, custody and control" of the couple's two children, Justine Reynolds ("Justine") and Benjamin Reynolds ("Benjamin"). *See* § 452.375.5.[1] Father was

---

1. All references to statutes are to RSMo (2000). We note that "primary physical custody" is not among the four types of custody dispositions recognized by § 452.375.5, which are: (1) joint physical custody; (2) sole physical custody; (3) third-party custody; and (4) visitation. Failure to use proper nomenclature in describing the type of custody being awarded to a parent is confusing to litigants and impedes proper appellate review. We

granted visitation and ordered to pay $600 per month as child support. He was on active duty in the United States Air Force at the time the dissolution decree was entered.

On February 26, 2001, the trial court modified the original judgment so as to grant Mother and Father joint legal custody of Justine and Benjamin. Mother retained "primary care, custody and control" of the children, but the parenting plan was modified to increase Father's parenting time in the visitation schedule. Father's child support obligation was increased to $615 per month.

In August 2002, Father resided in Fairview Heights, Illinois. Mother resided with Justine and Benjamin in Van Buren, Missouri. Travel time between these two locations by automobile was approximately two hours and 45 minutes. Pursuant to an agreement between Mother and Father, Benjamin began living with Father on August 10, 2002. Benjamin attended school in Fairview Heights that fall. On December 27, 2002, Father and Mother filed a joint motion and stipulation asking the trial court to modify its judgment a second time. In the joint motion, Mother and Father agreed the judgment should be modified so as to: (1) grant Mother "primary physical custody" of Justine, subject to Father's visitation rights set out in a modified parenting plan; (2) grant Father "primary physical custody" of Benjamin, subject to Mother's visitation rights set out in a modified parenting plan; and (3) reduce Father's child support payments to $334 per month. Both parents stipulated that these modifications were in the children's best interest. As the parties re-

quested, the trial court entered a modified judgment on December 30, 2002. Pursuant to the modified parenting plan, Justine resided with Mother, and Benjamin resided with Father. In addition to specified holidays, Mother was granted visitation with Benjamin one weekend per month and six weeks during the summer.

In February 2003, Father became aware that he would probably be rotated by the Air Force to another duty station in the near future. To avoid being involuntarily assigned to someplace like Korea where he could not take members of his family, he applied for an open assignment in Germany serving as a customer service representative for the Defense Logistics Agency. Father received the requested assignment in May 2003. He then notified Mother that he was being sent to Germany and that he intended to take Benjamin along on this three-year tour of duty.[2]

On May 14, 2003, Mother filed a motion to modify the dissolution decree for a third time. This motion asked the trial court to give Mother "primary care, custody and control" of both children and to give Father reasonable visitation "as agreed to by the parties." On May 28, 2003, Father filed his own countermotion to modify and proposed parenting plan. Father's countermotion asked the trial court to allow Benjamin to remain with Father and to modify the parenting plan to reduce Mother's parenting time in the visitation schedule to every other Christmas and one-half of Benjamin's summer vacation.

These competing motions to modify were tried on July 28, 2003. On October

---

treat the initial judgment as awarding sole physical custody to Mother and visitation to Father.

**2.** The time frame for this assignment was only approximate. If Father were promoted in

less than three years, he would be reassigned to another post whenever his promotion occurred. He also could ask for additional one-year extensions of the assignment in Germany if he so chose.

10, 2003, the trial court entered its third modified judgment in this proceeding. This latest judgment stated, in pertinent part, as follows:

6. That based upon the evidence presented by the parties there has been a substantial and continuing change of circumstances of the parties and the minor children since the last modification of the Judgment and Decree of Dissolution of Marriage entered by this Court so that a subsequent modification of that decree is warranted to serve the best interests of the minor children, including but not limited to, the following:

   a) [Father] is in the military and has been given orders to be stationed in Germany and will, therefore, be relocating to Germany in August, 2003; and

   b) That it would not be in the children's best interests for them to be separated from each other and living in two different countries for an indefinite period of time.

7. That based upon the evidence submitted, it is in the best interests of the minor children that primary physical custody of the minor child, namely, Benjamin Alan Reynolds, be transferred to [Mother], subject to reasonable visitation and periods of temporary custody by [Father].

The trial court rejected both parties' parenting plans and crafted its own, which gave Father visitation on specified holidays and special days, as well as every other weekend and nine weeks during the summer.[3] The trial court also raised Father's child support obligation to $500 per month. Father filed a timely notice of appeal from this modified judgment.

■ On appellate review, we must affirm the judgment in a custody modification case if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *In re Marriage of Eikermann,* 48 S.W.3d 605, 608 (Mo.App. 2001).

■ Father's appeal from the modified judgment presents two points relied on, but we need only address the second since it is dispositive. In Father's second point, he contends the trial court erred in modifying Benjamin's custody because the judgment did not contain the statutory finding, required by § 452.375.6, detailing the specific relevant factors listed in § 452.375.2 which made the particular custody arrangement in Benjamin's best interest.

■ In order to modify a prior custody decree, there is a two-step test which must be satisfied. The trial court must find that: (1) a substantial change in the circumstances of the child or his custodian has occurred; and (2) because of that substantial change of circumstances, the best interest of the child would be served by modifying custody. *See* § 452.410.1; *Searcy v. Seedorff,* 8 S.W.3d 113, 117 (Mo. banc 1999); *Love v. Love,* 75 S.W.3d 747, 762 (Mo.App.2002). Here, the trial court concluded that the proposed relocation of Father and Benjamin to Germany constituted a substantial change in each of their circumstances sufficient to meet the first prong of the two-part modification test. We agree. *See Adams v. Adams,* 812 S.W.2d 951, 956 (Mo.App.1991).

Such a move, however, would not *"per se* establish that modification is proper." *Id.* The trial court still had to decide what custodial arrangement served Benjamin's

---

3. The trial court recognized that Father could utilize the weekend visitation only during

leave time or after a temporary or permanent rotation back to the continental United States.

best interest in light of the changed circumstances. To make that determination, the court was required to consider the public policy set forth in § 452.375.4 and each of the eight factors set forth in § 452.375.2. *See Heslop v. Sanderson,* 123 S.W.3d 214, 222 (Mo.App.2003); *Wood v. Wood,* 94 S.W.3d 397, 406 (Mo.App.2003). More importantly, Mother and Father both requested a modification of the prior custody decree, but they did not agree on what custodial arrangement was in Benjamin's best interest. Therefore, the trial court was obligated to include in its modified judgment the statutory finding mandated by § 452.375.6. This subsection states, in pertinent part, as follows:

> If the parties have not agreed to a custodial arrangement ..., the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

It is in this respect that the trial court erroneously applied the law. In paragraph seven of the modified judgment, the court stated its conclusion that transfer of Benjamin's custody to Mother was in his best interest, but the court failed to detail the specific relevant factors explaining why this was so.

Since the written finding required by § 452.375.6 was not made, we must reverse the court's October 10, 2003 judgment modifying child custody and child support in this case. *See In re Marriage of Hoff,* 134 S.W.3d 116, 117 (Mo.App. 2004); *Paden v. Paden,* 123 S.W.3d 328, 330–31 (Mo.App.2004). We remand the case so the trial court can make the necessary finding and then award custody and determine child support in accordance therewith. *See Capehart v. Capehart,* 110 S.W.3d 920, 925 (Mo.App.2003); *In re Marriage of McGee,* 109 S.W.3d 255, 257 (Mo.App.2003).

The trial court's modified judgment entered on October 10, 2003 is reversed, and the cause is remanded. Upon remand, the trial court is directed to make a written finding that complies with § 452.375.6. Once that finding is made, the trial court may modify the child custody and child support provisions in the prior custody decree entered on December 30, 2002, if the statutory finding supports any such modifications. *See Paden,* 123 S.W.3d at 331.

SHRUM and BARNEY, JJ., Concur.